IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CEDRIC MCNEAL, § | |
| TDCJ-CID No. 02317254, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:22-CV-249-Z-BR |
| § | |
| DAN L. SCHAAP, *et al*., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS § 1983 CLAIM

Plaintiff CEDRIC MCNEAL, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, filed suit pursuant to Title 42, United States Code, section 1983 complaining against Dan Schapp (Judge of the 180th District Court), Carly Snyder (Potter County District Clerk), and Tripp Jones (Potter County Assistant District Attorney). (ECF 3). Specifically, Plaintiff claims that each of the Defendants are liable for "wrongfully submit[ing] an [*sic*] false indictment." (*Id*. at 3).

These claims are not cognizable under Title 42 U.S.C. Section 1983. Further, a request for release from confinement—is not cognizable under section 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).

For the following reasons, Plaintiff's civil rights complaint should be DISMISSED WITH PREJUDICE. The claims against each of the three Defendants in Plaintiff's complaint are BARRED by judicial, quasi-judicial, and prosecutorial immunity, respectively.

## I.     STANDARD OF REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1] , malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. § 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed Plaintiff's pleadings and has viewed the facts alleged by Plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the Defendants.

## II.    THE LAW AND ANALYSIS

A.  <u>*Claims Against Defendant Dan Schaap*</u>

The Supreme Court "has long recognized" that immunity doctrines protect certain potential defendants from liability in tort suits. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Judges, for example, are absolutely immune from monetary liability "for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F. 3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf. Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Further, judicial immunity is an immunity from suit and not merely from the ultimate assessment of damages. *Ballard*, 413 F.3d at 515 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences...' " *Ballard*, 413 F.3d at 515 (citations omitted). This immunity "prevent[s] harassment and intimidation that could otherwise result if disgruntled litigants – particularly criminal defendants and inmates – could vent their anger by suing … the person or persons who rendered an adverse decision." *Johnson*, 870 F.2d at 996–97.

The doctrine of absolute judicial immunity bars this action and requires dismissal as to Defendant Dan Schaap. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). Plaintiff in this suit claims the defendant state court judge "wrongfully submitted an [*sic*] false indictment," on the basis that the "charges were false charges that never occurred." (ECF 3 at 3–5).

The acts complained of (presiding over Plaintiff's criminal case) were judicial in nature. The Fifth Circuit weighs four factors in determining whether an act is "judicial." These factors are as follows:

(1) whether the specific act complained of is a normal judicial function;

(2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers;

3

(3) whether the controversy centered around a case pending before the court; and

(4) whether the acts arose directly out of a visit to the judge in his official capacity.

*McAlester v. Brown*, 469 F.2d 1280 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by Plaintiff are true, Defendant Schaap's actions in this case of presiding over a criminal proceeding and declining to dismiss the charges meet all the criteria for judicial acts. It cannot be said that any of these actions were taken in clear absence of jurisdiction. The judicial actions of Defendant Schaap, including conviction of any crime, are covered under the doctrine of judicial immunity and are entirely barred.

B.  *Claims Against Defendant Carly Snyder*

In addition to absolute judicial immunity for judges, "other necessary participants in the judicial process are entitled to absolute quasi-judicial immunity." *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. 1993). This absolute immunity protects judicial employees who perform functions "comparable to those of judges." *Da Vinci Inv. Ltd. P'ship v. Parker*, 622 Fed. App'x 367, 373 (5th Cir. 2015) (citations omitted). Courts must look to "the nature of the function performed, not the identity or title of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

To determine whether nonjudicial actors perform quasi-judicial functions, and thus are entitled to absolute immunity, the Court considers:

(1) the need to assure that the individual can perform his functions without harassment or intimidation;

(2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;

(3) insulation from political influence;

(4) the importance of precedent;

    (5) the adversary nature of the process; and

    (6) the correctability of error on appeal.

*Da Vinci Inv. Ltd. P'ship*, 622 Fed. App'x at 373. In general, a court should apply immunity factors broadly in favor of immunity. *See Ballard*, 413 F.3d at 515.

    The Fifth Circuit has determined that clerks of court, like Defendant Snyder in the present suit, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at the judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (finding circuit court clerk entitled to absolute quasi-judicial immunity for entering bail order in related case) (citations omitted). Precedent clearly establishes that clerks of court are protected under quasi-judicial immunity when performing routine job functions, even if or when they may err. Here, Plaintiff claims Defendant Snyder "wrongfully submitted an [*sic*] false indictment," on the basis that the "charges were false charges that never occurred." (ECF 3 at 3–5).

    Applying the quasi-judicial immunity factors, as well as existing precedent, to the current case, the Court finds Defendant Snyder is entitled to absolute quasi-judicial immunity. The filing of a civil action by a clerk of court is a function necessary to the court and must be performed without the threat of harassment or intimidation. The undersigned finds that Plaintiff's claims against Defendant Snyder are barred by quasi-judicial immunity and should be dismissed with prejudice.

    C. <u>Claims Against Defendant Tripp Jones</u>

    Prosecutors are immune from section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within

5

the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Plaintiff alleges that Defendant Jones "wrongfully submitted an [*sic*] false indictment," on the basis that the "charges were false charges that never occurred." (ECF 3 at 3–5). Plaintiff does not articulate any acts by the state court prosecutor that fall outside the duties of investigating and pursuing a criminal prosecution. Therefore, Defendant Jones is entitled to prosecutorial immunity.

### III.   FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Defendant Schaap was a state court district judge acting within the scope of his judicial duties, during the relevant times and circumstances outlined by Plaintiff's complaint.

2. Defendant Schaap is entitled to complete judicial immunity from suit on the allegations contained in Plaintiff's complaint, as outlined above.

3. Plaintiff's claims against Defendant Schaap are entirely barred by absolute judicial immunity.

4. Defendant Snyder was a state court clerk of court acting within the scope of her duties, during the relevant times and circumstances outlined by Plaintiff's complaint.

5. Defendant Snyder is entitled to absolute quasi-judicial immunity from suit on the allegations contained in Plaintiff's complaint, as outlined above.

6. Plaintiff's claims against Defendant Snyder are entirely barred by absolute quasi-judicial immunity.

7. Defendant Jones was a state court prosecutor acting within the scope of his prosecutorial duties, during the relevant times and circumstances outlined by Plaintiff's complaint.

8. Defendant Jones is entitled to prosecutorial immunity from suit on the allegations contained in Plaintiff's complaint, as outlined above.

9. Plaintiff's claims against Defendant Jones are entirely barred by prosecutorial immunity.

10. Plaintiff's lawsuit being barred by immunity against all the Defendants, it is subject to dismissal pursuant to Title 28, United States Code, section 1915.

## IV. RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by Cedric McNeal filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS as his suit is barred by the defendants' judicial, quasi-judicial, and prosecutorial immunity. It is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on March 15, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).